UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re TALAT RASHID,<br><br>                         Debtor. | Chapter 13<br>No. 12-38744 |
| MANUEL BUNCIO, individually and on behalf of<br>RASHID AND BUNCIO, LLC,<br><br>                         Plaintiff-Appellant,<br><br>                  vs.<br><br>TALAT RASHID,<br><br>                         Defendant-Appellee. | 13 C 9235<br><br>Judge Feinerman<br><br>Appeal from: No. 12 A 1981 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff-Appellant Manuel Buncio brought this adversary proceeding against Defendant-Appellee/Debtor Talat Rashid, claiming that Buncio's state court judgment against Rashid was non-dischargeable under 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6). Doc. 16 at 3-111. The bankruptcy court dismissed Rashid's § 523(a)(6) claim. Doc. 12-14 at 4. After a bench trial at which the parties submitted stipulations and the state court record but presented no live witnesses, the bankruptcy court ruled against Buncio on the § 523(a)(2)(A) and (a)(4) claims. Doc. 16 at 147-155 (reported at 2013 WL 6044427 (N.D. Ill. Bankr. Nov. 14, 2013)).

Buncio appeals the bankruptcy court's judgment, challenging its resolution of the § 523(a)(2)(A) and (a)(4) claims. Doc. 1. Jurisdiction is proper under 28 U.S.C. § 158(a)(1), which grants the district courts jurisdiction to hear appeals from bankruptcy court final judgments entered in cases referred under 28 U.S.C. § 157. The bankruptcy court here entered a final judgment by disposing of Buncio's adversary proceeding in its entirety. Doc. 16 at

1

155; *see Zedan v. Habash,* 529 F.3d 398, 402 (7th Cir. 2008) ("[T]he test we have utilized to determine finality under § 158(d) is whether an order resolves a discrete dispute that, but for the continuing bankruptcy, would have been a stand-alone suit by or against the trustee .… [T]he final disposition of any adversary proceeding falls within our jurisdiction."); *Fifth Third Bank v. Edgar Cnty. Bank & Trust,* 482 F.3d 904, 905 (7th Cir. 2007) ("A final resolution of any adversary proceeding is appealable, as it is equivalent to a stand-alone lawsuit.").

## Background

In early 2003, Rashid became interested in owning a Meineke Car Care Centers franchise. 4/13/12 Tr. at 9-11. A Meineke representative introduced Rashid to Buncio, who already owned and operated a Meineke franchise. 3/27/12 Tr. at 11-13. Buncio and Rashid agreed to share a new franchise. *Id*. at 12-16, 22-23, 29-30; 4/13/12 Tr. at 45-47. They entered into a franchise agreement and purchased a Meineke franchise (the "Franchise"). Pl. Exh. 1; 3/27/12 Tr. at 26-28. They formed Rashid & Buncio LLC to own and operate the Franchise, which was the LLC's only asset. Pl. Exh. 2; 3/26/12 Tr. at 102; 3/27/12 Tr. at 113.

The pair's business relationship was plagued with disputes. Ultimately, Meineke acceded to Rashid's request to remove Buncio from the franchise agreement. Pl. Exhs. 8-9, 12-13, 16, 20-21, 23, 47; 3/27/12 Tr. at 104. With Buncio removed, Rashid formed Rashid LLC and transferred the Franchise from Buncio & Rashid LLC to Rashid LLC. Doc. 116 at p. 122, ¶ 52; Pl. Exhs. 14-15, 18-19; 3/27/12 Tr. at 112-113, 115.

In response, Buncio filed suit against Rashid and Rashid LLC in the Circuit Court of Will County, Illinois. Doc. 12-7 at 11-12; Doc. 12-8 at 1-13; Doc. 12-9 at 1-8. The state court ruled in favor of Buncio on several claims, including one for fraudulent concealment, and awarded him $253,670 in damages. Doc. 16 at 19-42. To support its ruling on the fraudulent concealment

claim, the state court found that "Mr. Rashid never informed Mr. Buncio that [Rashid] was removing [Buncio] from the franchise with Meineke … [and] did not inform Mr. Buncio that he was transferring the franchise from Rashid & Buncio LLC to Rashid LLC." *Id*. at 37.

Rashid and Rashid LLC then filed Chapter 13 bankruptcy petitions, Doc. 12-2 at 8-48; Doc. 12-18 at 11-21, and both scheduled Buncio's $253,670 state court judgment, Doc. 12-2 at 24; Doc. 12-18 at 18. Buncio filed an adversary complaint alleging that the state court judgment was non-dischargeable. Doc. 16 at 3-111. As noted above, the bankruptcy court dismissed Buncio's § 523(a)(6) claim, Doc. 12-14 at 4, and rejected his § 523(a)(2)(A) and (a)(4) claims in a written opinion issued after a bench trial conducted on a paper record, 2013 WL 6044427, at *2-4. With respect to the § 523(a)(2)(A) claim, the bankruptcy court found that "Buncio knew that [Rashid] was trying to remove his name from the Franchise Agreement and freeze him out of the business," and therefore that "[Rashid] did not commit actual fraud." *Id*. at *2.

## Discussion

The district courts and courts of appeals apply the same standard of review to appeals from a bankruptcy court. *See Kovacs v. United States*, 614 F.3d 666, 672 (7th Cir. 2010). The court "examine[s] the bankruptcy court's determinations of law de novo and its findings of fact for clear error." *Ibid*.

Section 523(a)(2)(A) provides that a debtor cannot discharge in bankruptcy any debt for "money [or] property … obtained by … actual fraud." 11 U.S.C. § 523(a)(2)(A). "Actual fraud" under § 523(a)(2)(A) "is a generic term, which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth. No definite and invariable rule can be laid down as a general proposition defining fraud, and it includes all surprise, trick,

cunning, dissembling, and any unfair way by which another is cheated." *McCellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000). To prevail under § 523(a)(2)(A), Buncio had to prove that Rashid intended to defraud him. *See id*. at 894 ("The fraud exception to the dischargeability of debts in bankruptcy does not reach constructive frauds, only actual ones, but the allegation here is that the transfer involved an *actual* fraud; the debtor's brother was *deliberately* attempting to thwart McClellan's effort to collect the debt due him."); *In re Jacobs*, 448 B.R. 453, 471-72 (N.D. Ill. Bankr. 2011) ("In order to establish a claim based on 'actual fraud,' a creditor must prove that: (1) 'actual fraud' occurred; (2) the debtor intended to defraud the creditor; and (3) the debtor's actual fraud created the debt at issue.").

The bankruptcy court premised its ruling that "[Rashid] did not commit actual fraud under section 523(a)(2)(A)" on its factual finding that "Buncio knew that [Rashid] was trying to remove his name from the Franchise Agreement and freeze him out of the business." 2013 WL 6044427, at *2. Buncio argues that issue preclusion prohibited the bankruptcy court from making that finding because the state court had made the opposite finding in ruling for Buncio on his fraudulent concealment claim. Doc. 15 at 31-32. Whether issue preclusion applies turns on the rendering jurisdiction's preclusion law. *See Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006). Illinois law holds that issue preclusion applies where "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Talarico v. Dunlap*, 685 N.E.2d 325, 328 (Ill. 1997); *see also Wells v. Coker*, 707 F.3d 756, 761 (7th Cir. 2013). In addition, "a decision on the issue must have been necessary for the judgment in the first litigation, and the person to be bound must have actually litigated the issue in the first suit."

4

*Talarico*, 685 N.E.2d at 328; *see also Wozniak v. DuPage Cnty.*, 845 F.2d 677, 682-83 (7th Cir. 1988); *Allianz Ins. Co. v. Guidant Corp.*, 900 N.E.2d 1218, 1230 (Ill. App. 2008) ("Issue preclusion bars subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action.") (internal quotation marks omitted).

It is beyond dispute that the party against whom preclusion is asserted here (Rashid) was a party in the state court case. Rashid's contends, however, that the state court and the bankruptcy court decided different issues, and also that the state court did not necessarily have to resolve the issue decided by the bankruptcy court. Doc. 17 at 12-13. Rashid is wrong. As noted above, in ruling for Buncio on his fraudulent concealment claim, the state court found that "Mr. Rashid never informed Mr. Buncio that [Rashid] was removing [Buncio] from the franchise with Meineke … [and] did not inform Mr. Buncio that he was transferring the franchise from Rashid & Buncio LLC to Rashid LLC." Doc. 16 at 37. Those findings were necessary to the state court's judgment because, as that court noted in its comprehensive opinion, one element of fraudulent concealment is "concealment of a material fact," and another is that "the innocent party [here, Buncio] could not have discovered the truth through reasonable inquiry or inspection, or was prevented from making reasonable inquiry or inspection, and relied upon misrepresentation as a fact that did not exist." *Ibid.* (citing *DOD Techs. v. Mesirow Ins. Servs., Inc.*, 887 N.E.2d 1, 11 (Ill. App. 2008)). The state court's findings are directly at odds with the bankruptcy's court's finding that "Buncio knew that [Rashid] was trying to remove his name from the Franchise Agreement and freeze him out of the business." 2013 WL 6044427, at *2.

Rashid makes no other argument against issue preclusion, so any such argument is forfeited. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under

5

our case law is the rule that a person waives an argument by failing to make it before the district court. … We apply that rule where a party fails to develop arguments related to a discrete issue ….") (citations omitted); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver."). Rashid's forfeiture includes any contention he might have had that Buncio forfeited his issue preclusion argument by failing to advance it in the bankruptcy court. *See United States v. Prado*, 743 F.3d 248, 251 (7th Cir. 2014) ("However, because the government does not argue that Prado forfeited this particular argument, we may still reach the merits of his case under the 'waived waiver' doctrine. … Ultimately, Prado's forfeiture is absolved by the government's failure to recognize the forfeiture and by responding to Prado's argument. *See United States v. Tichenor*, 683 F.3d 358, 363 (7th Cir. 2012) (applying the waived waiver doctrine to forfeited claims).") (citation omitted); *United States v. Adigun*, 703 F.3d 1014, 1022 (7th Cir. 2012) ("An opposing party can 'waive waiver' if it fails to assert the preclusive effect of the waiver before the appellate court."); *Riemer v. Ill. Dep't of Transp.*, 148 F.3d 800, 804 n.4 (7th Cir. 1998) ("We note that IDOT raises this argument for the first time on appeal. This argument was not raised in IDOT's post-trial submissions nor was it raised in oral argument before the district court. Ordinarily, arguments not made in the district court are waived on appeal. However, in this case, Mr. Riemer has not argued that IDOT has waived this issue …. Accordingly, Mr. Riemer has waived the waiver argument, and we shall address IDOT's argument concerning the pretrial order on its merits."); *United States v. Caputo*, 978 F.2d 972, 975-76 (7th Cir. 1992) (holding that an appellee may forfeit a contention that the appellant had waived an argument by not presenting it below). And because the arguments that Rashid does make about issue preclusion are without merit, Buncio is right that issue preclusion prohibited the bankruptcy court from resting its § 523(a)(2)(A) ruling on a factual finding

6

inconsistent with the state court's factual findings on the same subject. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (holding that issue preclusion required the bankruptcy judge in a § 523(a)(2)(A) case to adhere to a prior state court finding that the debtor had engaged in fraud).

**Conclusion**

Because the factual premise underlying the bankruptcy court's rejection of Buncio's § 523(a)(2)(A) claim cannot stand under the issue preclusion doctrine, the bankruptcy court's judgment is vacated and the case is remanded for proceedings consistent with this opinion. This disposition makes it unnecessary at this time to consider Buncio's argument that, even putting aside issue preclusion, the bankruptcy court clearly erred in resolving the § 523(a)(2)(A) claim against him. And because it is possible and perhaps likely that Buncio will prevail on remand under § 523(a)(2)(A), it also is unnecessary at this time to consider Buncio's challenge to the bankruptcy court's resolution of his § 523(a)(4) claim.

September 30, 2014

United States District Judge

7